**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | **No. 5:25-CR-10-CAR-CHW** |
| **JULIUS DESHAWN WILLIAMS,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

**ORDER ON DEFENDANT'S UNOPPOSED MOTION TO CONTINUE**

Before the Court is Defendant Julius Deshawn Williams's Unopposed Motion to Continue [Doc. 29] the pretrial conference scheduled for August 12, 2025, and the trial, which is set to begin August 25, 2025, in Macon, Georgia. On March 12, 2025, the Grand Jury returned an indictment charging Defendant with Possession with Intent to Distribute Methamphetamine. On March 20, 2025, Defendant was arrested, appointed counsel, and pled not guilty at his arraignment. Defendant was released on an unsecured bond. This case has previously been continued once, and the government does not oppose this request for an additional continuance.

Defendant has recently filed three motions seeking to change counsel or proceed *pro se*, noting, among other things, that his current counsel will not file the motions he wishes to be filed.[1] These motions are currently pending before United States Magistrate

---

[1] Docs. 26, 27, and 28.

Judge Charles H. Weigle. Thus, defense counsel seeks additional time to allow Judge Weigle sufficient time to schedule a motion hearing on Defendant's *pro se* motions for substitution of counsel. If the motions are denied, defense counsel will need additional time to complete review of the phone extraction discovery received on July 30, 2025, meet with Defendant about next steps in the case, continue defense investigations, and discuss potential plea negotiations with the government, if warranted.

Having considered the matter, the Court finds it serves the ends of justice to grant Defendant's request. The ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. Failure to grant a continuance would deny counsel reasonable time to address these matters and could result in a miscarriage of justice. Thus, the Court **GRANTS** Defendant's Unopposed Motion to Continue [Doc. 29], and **HEREBY ORDERS** that this case be continued until November 3, 2025, the undersigned's next regularly-scheduled term of court for the Macon Division. The delay occasioned by this continuance shall be deemed excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

**SO ORDERED,** this 8th day of August, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT