# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 5:25-cr-10-CAR |
| JULIUS DESHAWN WILLIAMS, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER ON DEFENDANT'S MOTION TO CONTINUE TRIAL

Before the Court is Defendant's Motion to Continue the pretrial hearing, presently scheduled for November 12, 2025, and the trial, presently scheduled to begin on December 2, 2025. For the reasons explained below, the Court **DENIES** Defendant's Motion [Doc. 65.]

On March 12, 2025, the Grand Jury returned an indictment charging Defendant Julius Deshawn Williams with Possession with Intent to Distribute Methamphetamine.[1] On March 20, 2025, Defendant pled not guilty at his arraignment, and the Court appointed the Federal Defenders of the Middle District of Georgia, Inc., to represent Defendant and released him on an unsecured bond.[2] The next day, defense counsel filed her notice of appearance.[3] According to defense counsel, she first received discovery from

---

[1] Doc. 1.
[2] Docs. 8-11. On March 20, 2025, the Court also entered its standard pretrial order. Doc. 12.
[3] Doc. 14.

the Government on March 21, 2025, but she later received additional discovery, including an extraction of Defendant's cellphone data, from the Government on July 30, 2025.[4] On September 9, 2025, the Court granted Defendant's Motion to Proceed *Pro Se* and appointed defense counsel to serve as standby counsel.[5] On October 22, 2025, the Court held a hearing and denied seven of Defendant's *pro se* motions; during this hearing, defense counsel served as standby counsel and heard a key Government witness testify.[6] On October 31, 2025, the Court reappointed defense counsel to represent Defendant.[7]

Between September 9, 2025, and October 31, 2025, Defendant filed ten *pro se* motions,[8] and the Government filed its one pending Motion *in Limine*.[9] Currently, only two motions are pending: the Government's Motion *in Limine* and the Defendant's Motion *in Limine*.[10] The Court has granted three continuances.[11]

In the instant Motion, defense counsel represents she needs additional time to (1) complete her review of the phone extraction, (2) meet with Defendant to review discovery

---

[4] Doc. 65 at 1.
[5] Doc. 34.
[6] Doc. 61.
[7] Docs. 62, 63. The Court granted Defendant's Motion to Appoint Counsel the same day he filed it. *Id.*
[8] Docs. 35-39, 46, 52, 58-60. On November 11, 2025, defense counsel withdrew the three remaining *pro se* motions. Doc. 68 (withdrawing Docs. 58-60).
[9] Doc. 56. Defense counsel represents 23 motions had been filed during this time. Doc. 65 at 2.
[10] Docs. 56, 57. On November 6, 2025, defense counsel filed Defendant's Motion *in Limine* Regarding Text Messages. Doc. 67.
[11] *See* Docs. 23, 30, 61. Defense counsel represents the Court has granted only two continuances. Doc. 65 at 1. On June 2, 2025, the Court continued the case until August 25, 2025. Doc. 23. On August 8, 2025, the Court continued the case until November 3, 2025. Doc. 30. On October 22, 2025, the Court continued the case until December 2, 2025. Doc. 61. The Court granted each unopposed continuance at a party's request.

2

and discuss the next steps in his case, (3) continue defense investigations, and (4) discuss possible plea negotiations with the Government.

Because defense counsel has had ample time to address the matters raised in this Motion, the Court finds that the ends of justice will not be served by granting a continuance. Throughout this case, defense counsel has served as either counsel of record or standby counsel for Defendant, and she has attended all hearings. Excluding her time as standby counsel, defense counsel has had over 40 days to review and discuss the phone extraction with Defendant, and she has had over five months to review and discuss the original discovery with Defendant, to conduct defense investigations, and to discuss possible plea negotiations with the Government. This case is neither unusual nor complex. Defendant's willful failure to cooperate with counsel and his subsequent decision to represent himself cannot work to his advantage by unduly delaying his trial. The Court anticipates this will be a one-day trial. In addition, the Court intends to resolve the two pending motions on or before the pretrial conference date. Defense counsel has had ample time to prepare for trial. Denying a fourth continuance will not cause a miscarriage of justice. Accordingly, the Court **DENIES** Defendant's Motion [Doc. 65.]

**SO ORDERED,** this 7th day of November, 2025.

                                      s/ C. Ashley Royal_____
                                      C. ASHLEY ROYAL, SENIOR JUDGE
                                      UNITED STATES DISTRICT COURT