IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 5:25-cr-10-CAR |
| JULIUS DESHAWN WILLIAMS, : | |
| : | |
| Defendant. : | |
| : | |

### ORDER ON GOVERNMENT'S MOTION IN LIMINE

Before the Court is the Government's Motion *in Limine* to Preclude the Defendant from Relying on Lack of Knowledge as a Defense in the trial of this case scheduled for December 2, 2025. For the reasons explained below, the Court **DENIES** the Government's Motion [Doc. 56].

### BACKGROUND

On June 24, 2024, Officer Clayton Willis and other law enforcement officers interviewed Defendant Julius Deshawn Williams after locating packages containing methamphetamine Defendant attempted to bring inside Dooly County State Prison.[1] During the audio-recorded interview, Defendant substantially stated (1) he did not know the substances contained in the packages he possessed were methamphetamine, and (2)

---

[1] Doc. 61.

1

he mistakenly believed those substances were pills.[2] After Defendant's arrest, the Grand Jury returned a one-count indictment charging Defendant with possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii).[3] This case is scheduled for trial on December 2, 2025.

The Government anticipates Defendant will present a lack of knowledge defense asserting, in essence, that the Government has not proven beyond a reasonable doubt § 841(a)(1)'s knowledge requirement that "Defendant knew he possessed a substance listed on the [federal drug] schedules, even if he did not know which substance it was."[4] The Government anticipates Defendant may make the following argument: The Government has not proven § 841(a)(1)'s knowledge requirement beyond a reasonable doubt because Defendant's statements during his audio-recorded interview show (1) he did not know the substances contained in the packages he possessed were methamphetamine, and/or (2) he mistakenly believed those substances were pills. The Government requests the Court to preclude this possible argument.

---

[2] *Id.* During a pre-trial hearing, the Government submitted the entire audio recording of the interview into the record. *Id.*
[3] Doc. 1.
[4] *McFadden v. United States*, 576 U.S. 186, 192 (2015). This lack of knowledge defense is legally cognizable because Defendant simply asserts the Government has failed to prove one element of the crime charged.

2

## DISCUSSION

The Government, in essence, contends Defendant's statements are irrelevant to his lack of knowledge defense, and Defendant's argument lacks a relevant factual basis. This Court disagrees.

**Legal Standard**

"Generally, courts should not prohibit a defendant from presenting a theory of defense to the jury."[5] But "some relevant factual basis for the defense should exist under Federal Rules of Evidence 401 and 402[]" for the defense to be presented to a jury.[6] In the same way, a specific argument made in support of a defense must have some relevant factual basis for the argument to be presented to a jury. Thus, if a defendant's argument lacks a relevant factual basis under Federal Rules of Evidence 401 and 402, a court should exclude that argument. If evidence has "any tendency" to make a fact of consequence more or less likely, then it is relevant and thus admissible under Rules 401 and 402.[7]

**Knowledge Requirement**

To convict a defendant under 21 U.S.C. § 841(a)(1) for possession of a controlled substance with intent to distribute it, the Government must prove beyond a reasonable

---

[5] *United States v. Thompson*, 25 F.3d 1558, 1564 (11th Cir. 1994).
[6] *Id.*; *see also United States v. Aguinaga*, 643 Fed. Appx. 858, 861 (11th Cir. 2016) ("Generally, courts should not prohibit a defendant from presenting a defense theory to the jury, but there must be a factual basis for the defense.")
[7] Fed. R. Evid. 401; Fed. R. Evid. 402.

doubt: "(1) knowledge of the controlled substance; (2) possession of the controlled substance; and (3) an intent to distribute."[8] "All three elements can be proven by either direct or circumstantial evidence."[9] For § 841(a)(1), the following "state of mind is necessary: 'the defendant must knowingly possess, and intend to distribute, a controlled substance, but need not know which substance it is.'"[10] In contrast, 21 U.S.C. § 841(b) "has no *mens rea* requirement at all" because § 841(b) "provides the possible penalties for a § 841(a)(1) violation 'based on only the type and quantity of drug 'involved,' not on what the defendant knew.'"[11] Thus, "§ 841(a)(1)[] . . . and § 841(b) do not require the government to prove a defendant's knowledge of a specific drug."[12]

To satisfy the knowledge requirement of § 841(a)(1), the Government must only prove "a defendant knew a controlled substance was involved, not that the defendant knew what that controlled substance was."[13] The Supreme Court has explained the Government may meet this knowledge requirement through one of two ways: (1) "by showing that the defendant knew he possessed a substance listed on the [federal drug] schedules, even if he did not know which substance it was[;]" or (2) "by showing that the

---

[8] *United States v. Butler*, 117 F.4th 1309, 1320–21 (11th Cir. 2024) (citing *United States v. Poole*, 878 F.2d 1389, 1391 (11th Cir. 1989)).
[9] *Id.* at 1321 (quoting *United States v. Poole*, 878 F.2d 1389, 1391-92 (11th Cir. 1989)).
[10] *United States v. Gray*, 94 F.4th 1267, 1270-71 (11th Cir. 2024) (citing *United States v. Colston*, 4 F.4th 1179, 1187-88 (11th Cir. 2021)).
[11] *Id.* at 1271 (quoting *Colston*, 4 F.4th at 1188).
[12] *Id.* at 1270.
[13] *Colston*, 4 F.4th at 1189.

4

defendant knew the identity of the substance he possessed."[14] The Supreme Court illustrated when the knowledge requirement would be met under the first approach:

> Take, for example, a defendant whose role in a larger drug organization is to distribute a white powder to customers. The defendant may know that the white powder is listed on the schedules even if he does not know precisely what substance it is. And if so, he would be guilty of knowingly distributing "a controlled substance."[15]

Thus, the Government can establish the knowledge requirement "regardless of whether [the defendant] knew the particular identity of the substance."[16]

**Analysis**

The Government seeks to preclude Defendant from relying on his recorded statements that (1) he did not know the substances contained in the packages he possessed were methamphetamine and/or (2) he mistakenly believed those substances were pills because the Government can meet § 841(a)(1)'s knowledge requirement regardless of whether it proves Defendant knew the particular identity of the substance. Thus, the Government contends any such argument by Defendant lacks a relevant factual basis and is irrelevant. This Court disagrees.

---

[14] *McFadden v. United States*, 576 U.S. 186, 192 (2015).
[15] *Id.*
[16] *Id.* at 194.

As the Supreme Court's example indicates, a jury should consider the defendant's knowledge of the substance's characteristics (e.g., the substance was a white powder) in determining whether the Government has shown "the defendant knew he possessed [some] [unspecified] substance listed on the [federal drug] schedules[.]"[17] Defendant's statements that (1) he did not know the substances contained in the packages he possessed were methamphetamine and/or (2) he mistakenly believed those substances were pills are relevant to show his lack of knowledge of those substances' characteristics.

If the jury finds Defendant's statements to be truthful, the jury could infer that before entering the prison Defendant did not open the packages and inspect the wrapped-up substances and/or did not observe the substances' odor, taste, color, size, shape, or form (i.e., whether the substances were pills, powders, or crystals) – properties laypeople use to determine a substance's chemical identity and legal status. In sum, Defendant's statements are circumstantial evidence that Defendant did not know the substances' characteristics which could support a jury's inference that he did not know he possessed some unspecified controlled substance.[18] Defendant's statements have some

---

[17] *McFadden*, 576 U.S. at 192, 194.

[18] The Government has requested a deliberate ignorance jury instruction. Doc. 19 at 22 (quoting Pattern Crim. Jury Instr. 11th Cir. SI S8 (2025)). Should the Court grant this request, Defendant's statements will be relevant to Defendant's "deliberate avoidance of positive knowledge," "which is the equivalent of knowledge[,]" because a jury could infer from Defendant's statements that "[he] possesse[d] . . . package[s] and believe[d] [they] contain[ed] . . . controlled substance[s] but deliberately avoid[ed] learning that [they] contain[ed] . . . controlled substance[s] so he . . . [could] deny knowledge of the package[s's] contents." Pattern Crim. Jury Instr. 11th Cir. SI S8 (2025). If the Court gives this instruction, Defendant's statements will make his knowledge of the controlled substance, a fact of consequence, "more . . . probable than it would be without the evidence." Fed. R. Evid. 401.

6

tendency to make a fact of consequence more or less likely and thus are relevant and provide a factual basis for Defendant's anticipated lack of knowledge defense.[19]

## CONCLUSION

For the reasons explained above, the Court **DENIES** the Government's Motion *in Limine* to Preclude the Defendant from Relying on Lack of Knowledge as a Defense [Doc. 56].

**SO ORDERED,** this 7th day of November, 2025.

s/ C. Ashley Royal_____<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT

---

[19] Fed. R. Evid. 401.